IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00615-PAB

LINETIA A. MEDINA,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Linetia A. Medina on March 8, 2017. Plaintiff seeks review of the final decision of defendant Nancy A. Berryhill (the "Commissioner") denying her claim for supplemental security income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

## I. BACKGROUND

On March 5, 2013, plaintiff applied for supplemental security income under Title XVI of the Act. R. at 12. Plaintiff alleged that she was disabled as of that same date. *Id*. After an initial administrative denial of her claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on September 1, 2015. *Id*. On September 17, 2015, the ALJ issued a decision denying plaintiff's claim. R. at 25. The ALJ found that

---

[1] The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

plaintiff had the following severe impairments: post-traumatic stress disorder, bipolar disorder with major depressive disorder, anti-social personality disorder, and ulcerative colitis. R. at 15. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id*., and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 416.967(b) except the claimant has additional limitations. The claimant is limited to frequently stooping and crawling. She is limited to understanding, remembering, and carrying out simple instructions that can be learned and mastered within 30 days. She can sustain concentration, persistence and pace for those instructions as long as social interaction with others are not frequent or prolonged. She can tolerate supervision, routine work changes, plan and set simple goals, plan, travel, and avoid work hazards.

R. at 17. Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that plaintiff is capable of performing jobs that exist in significant numbers in the national economy. R. at 24-25. Specifically, the VE identified three positions that plaintiff could perform: small product assembler, vending machine attendant, and machine operator. R. at 25. Each of these positions is performed at a light exertional level and is classified as semiskilled, with a specific vocational preparation ("SVP") level of two. *Id*.

On January 26, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's denial of her claim. R. at 1. Given the Appeals Council's denial, the ALJ's decision is the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether

the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III. THE FIVE-STEP EVALUATION PROCESS

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only

3

unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform

himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

## IV. DISCUSSION

Plaintiff claims that the ALJ erred in the following ways: (1) lacking valid reasons for assigning little weight to the opinions of Thomas L. Firnberg, M.D., plaintiff's treating psychiatrist, on plaintiff's mental limitations; (2) improperly weighing Dr. Firnberg's opinion against the conflicting opinion of Gayle Frommelt, Ph.D., a state agency psychologist; and (3) failing to account for the opinion of Stephen Adams, M.D., plaintiff's treating physician, that plaintiff's ability to stand and walk would be limited when her ulcerative colitis flares up. Docket No. 14 at 3. Because it is dispositive, the Court addresses whether the ALJ gave good reasons for assigning little weight to Dr. Firnberg's opinion.

The Tenth Circuit's "case law, the applicable regulations, and the Commissioner's pertinent Social Security Ruling (SSR) all make clear that in evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). In the first step, the ALJ must consider whether the treating physician's opinion is entitled to controlling weight. If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2); *see also* SSR 96-2p, 1996 WL 374188, *1 (July 2, 1996).

5

If the opinion is not given controlling weight, the ALJ will proceed to the second step of the inquiry. In the second step, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR [§§] 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96-2p, 1996 WL 374188, *4. The factors that must be applied in determining what weight to give an opinion are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003)); *see also* 20 C.F.R. § 404.1527(c). "[A]n ALJ must give good reasons for the weight assigned to a treating physician's opinion, that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley*, 373 F.3d at 1119 (internal quotation marks and alterations omitted). Failure to apply this analytical framework and to provide sufficiently specific, legitimate reasons tied to the factors for the weight given to a treating physician's opinion warrants reversal. *Watkins*, 350 F.3d at 1300-01.

On May 6, 2015, Dr. Firnberg completed a "Residual Functional Capacity Evaluation (Mental)" questionnaire for plaintiff. R. at 784. He noted that he had

6

examined plaintiff on nine occasions, including that day, and stated that he was "still working to optimize [plaintiff's] medication regimen." R. at 786. Dr. Firnberg opined that plaintiff was moderately limited in all of the areas listed on the form, would be off task more than 30% of the work week, and would miss three or more days of work per month due to her impairments. R. at 784-85. The ALJ gave Dr. Firnberg's opinions "little weight" based on a letter Dr. Firnberg wrote to plaintiff's counsel on December 9, 2014. As support for finding that the letter supports giving little weight to Dr. Firnberg's later opinions, the ALJ explained:

> Dr. Finberg [sic] also stated on December 9, 2014, that the claimant was receiving treatment and had been doing well with her medications ([R. at 783]). He stated that her medications had been effective in reducing her depression, anxiety, and irritability and he was "confident" that she would continue to progress as her treatment continued ([R. at 783]).

R. at 21 (citing R. at 783).

Plaintiff argues that the ALJ did not give good reasons for assigning little weight to Dr. Firnberg's opinion because the ALJ "mischaracterized Dr. Firnberg's statements" in the December 9, 2014 letter and nothing in the letter "suggest[s] that his treatment had reduced plaintiff's symptoms to less than disabling levels." Docket No. 14 at 14. Defendant responds that "it was reasonable for the ALJ to consider that Dr. Firnberg's opinion was inconsistent with his other statements" because "Dr. Firnberg wrote in December, a month after his opinion, that Plaintiff was doing well on her medications." Docket No. 15 at 7 (citing R. at 21, 783).[2]

---

[2] Defendant raises other arguments in favor of the weight given Dr. Firnberg's opinion, Docket No. 15 at 6-9, but the Court must reject them because the ALJ did not rely on the reasons now advanced by defendant. *See Stookey v. Colvin*, 2014 WL 3611666, at *4 (D. Kan. July 22, 2014) (citing *Grogan v. Barnhart*, 399 F.3d 1257, 1263

7

> The body of Dr. Firnberg's December 9, 2014 letter states in full:
>
> I write this memorandum in regard to your client, Linetia Medina, with her permission. She is in psychiatric treatment with me here for Post Traumatic Stress Disorder and has been complying well with treatment. We continue to gradually adjust her medications in order to control her residual symptoms of depression, anxiety, & irritability. The irritability causes her problems in relationships with others. I feel confident that we will get her more stable as treatment progresses.

R. at 783. As plaintiff argues, there is nothing in this letter that contradicts or undermines Dr. Firnberg's later opinions about plaintiff's limitations. While Dr. Firnberg stated that plaintiff was "complying well with treatment," i.e., taking her pills and doing as instructed, he indicates that plaintiff nonetheless had "residual symptoms of depression, anxiety, & irritability" that continued to "cause[] her problems in relationships with others." *Id*. Additionally, Dr. Firnberg was not certain that plaintiff's condition will improve; he only opined that he was "confident that we will get her more stable" and notes that they "continue[d] to gradually adjust her medications." *Id*.; *see also* R. at 786 (Dr. Firnberg stating in his May 6, 2015 opinion that he was "still working to optimize [plaintiff's] medication regimen.").

"In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*." *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (internal quotation marks omitted). As plaintiff argues, the ALJ effectively rejected Dr. Firnberg's opinion because he did not adopt any of his

---

(10th Cir. 2005)).

limitations.  Docket No. 14 at 13 (citing *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012)).  The ALJ rejected Dr. Firnberg's opinion solely on the basis of his December 9, 2014 letter.  R. at 21.  But the Court finds that there is no contradiction between the letter and Dr. Firnberg's opinions and, to the extent that the ALJ concludes based on the letter that plaintiff was "doing well with her medications" and "would continue to progress," such speculation does not provide a basis to reject the opinions of a treating physician.  *Id*. (citing R. at 783); *see also McGoffin*, 288 F.3d at 1252; *Langley*, 373 F.3d at 1121 (finding that there was "no legal[] or evidentiary basis" to find a doctor's opinion was unsupported based on the ALJ's interpretation of the underlying evidence).  Because the ALJ did not provide legitimate reasons for rejecting Dr. Firnberg's opinions, the Court will reverse.  *Watkins*, 350 F.3d at 1300-01.

The Court declines to address plaintiff's remaining objections to the ALJ's decision because they may be affected by the ALJ's treatment of the case on remand.  *See Watkins*, 350 F.3d at 1299 ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand").  One issue that warrants clarification by the ALJ on remand is the ALJ's reasons for giving "substantial weight" to the opinions of Dr. Frommelt and whether it has any basis other than the ALJ's assumption that an agency generally has more "familiarity with the regulations and expertise crafting residual functional capacity assessments" as stated in relation to Dr. Adams' opinion.  R. at 21; *see also* Docket No. 14 at 18 n.4 (arguing that the basis for the weight accorded to the opinions of Dr. Frommelt is unclear or applies to only physical limitations based on the statement's location in the decision).

## V. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner that plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this order.

DATED September 27, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge